VINAL S. ODLIN

vs.

EDGAR McALLASTER, LIZZIE M. McALLASTER, CARRIE S. HARRIMAN, F. L. HARRIMAN, AGNES L. HARRIMAN AND E. O. McALLASTER.

Androscoggin. Opinion June 22, 1914.

*Bill. Commissions. Contract. Equity. Exceptions. Injunction. Public Laws, 1911, Chap. 157. Sale.*

Bill in equity to enjoin defendants from interfering with plaintiff in selling land in Lewiston, except in accordance with a written contract between the plaintiff and defendants for the sale of said land, said contract having been accepted March 22, 1912.

1. The contract was for the sale or transfer of real estate, and by said contract the plaintiff became the agent for the sale of real estate.

2. As no time for the termination of said contract was definitely stated, it became void in one year from its date.

3. The fact that the defendants did not know until June 6, 1913, that the contract was void at the expiration of one year from its date is immaterial.

4. The laws of 1911, Chap. 157, having declared the contract void at the expiration of one year from its date, neither party had the right to insist upon a further performance of the void contract, unless by the acts or conduct of the parties they were estopped to question the validity of the contract.

On exceptions by plaintiff. Exceptions overruled.

This is a bill in equity in which the plaintiff prays for an injunction restraining the defendants from interfering with plaintiff in the sale of land in Lewiston, the legal title to which was in defendants, and to enjoin defendants from conveying said land, except according to the terms of a written contract. The case was heard by a single justice upon bill, answer, replication and proof, who made findings of fact and rulings of law, to which rulings the plaintiff excepted.

The case is stated in the opinion.

*Oakes, and Puslifer & Ludden,* for plaintiff.

*McGillicuddy & Morey,* for defendants.

SITTING:  SPEAR, KING, HALEY, HANSON, PHILBROOK, JJ.

HALEY, J.    Bill in equity filed in the office of the clerk of courts
for Androscoggin County June 19, 1913, praying for an injunction
restraining the defendants from interfering with the plaintiff in the
selling of land in Lewiston, the legal title to which was in the defend-
ants; and to enjoin the defendants from conveying said land except
according to the terms of a written contract hereinafter referred to;
and from refusing to carry out said contract.

The case was heard by a single Justice, upon bill, answer, replica-
tion and proof, who made findings of fact and rulings of law as fol-
lows:—

"I find that on March 22, 1912, the parties to this bill made the
contract in writing, of which a copy marked 'Exhibit A' is annexed
and referred to in the bill.

"I rule as matter of law that that contract became null and void
March 22, 1913, by force of Chap. 157 of the Public Laws of 1911.

"I find that during the spring and early summer of 1913 after
March 22, all the parties to the contract conducted themselves
toward one another, and with reference to the land, as if the contract
had been in force.

"I find that the defendants, at most, until June 16, 1913, did not
in fact know of the provisions of Chap. 157 of the Public Laws of
1911, but supposed, until that date that the contract of March 22,
1912, was in force.

"I find that the plaintiff in May, 1913, incurred some expense in
having the land surveyed, and in preparing to have the corners
marked, all of which was known to the defendants, and assented to
by them.

"I rule that the conduct of the parties in the spring and summer
of 1913 did not have the effect to revive and continue in force the
contract of March 22, 1913, and that the defendants are not estopped
to plead the statute of 1911.

"If, relying upon the terms of the 1912 contract, the plaintiff
performed services or incurred expenses, prior to the bill of complaint
dated June 16, 1913, for which he is entitled to be recompensed.    I
think his remedy must be at law, and not in equity.

"It is therefore ordered, adjudged and decreed that the bill be
dismissed with costs."

The agreement referred to as "Exhibit A" is as follows:

"First party is to place for sale with second party his property on Lafayette Street in said Lewiston, giving them full and exclusive right to sell and convey the same, said property consisting of thirty-six (36) lots, be it more or less, and meaning to include all of the property owned by me on said street.

"Second party is to take the above mentioned property on the following terms and conditions. Have the property surveyed and plotted out, said lots to be approximately 50x100, build the streets, and sell said lots to the best advantage he may possibly do.

"IT IS MUTUALLY AGREED that as the lots are sold and paid for they shall net first party one hundred ($100) Dollars, each. and that he shall be allowed eighty (80%) per cent of the price paid in until the sum of thirty six hundred ($3600) Dollars has been full paid, (this to mean for lots only, and not for property built on said lots), and it is further agreed that when the sum above mentioned has been full paid, second party shall have a Warranty Deed of all remaining property, also first party agrees to give a good and sufficient title to any and all lots as they are sold.

"Second party reserves the right to raise a mortgage of six hundred ($600) dollars on or before May first, 1912, said amount to be paid as the lots are sold.

"On all lots built on, when said property is sold, one hundred ($100) dollars shall be paid first party in full settlement of said lot.

"Second party agrees to bear the whole expense of developing said property.

The case is before this court upon exceptions to the above rulings. The defendants claim that, as the contract was accepted March 22, 1912, it was void June 18, 1913, the date at which the plaintiff began these proceedings, by force of Chap. 157 of the Public Laws of 1911, which reads as follows:

"All contracts entered into after August first nineteen hundred and eleven for the sale or transfer of real estate and all contracts whereby a person, company or corporation becomes an agent for the sale or transfer of real estate shall become void in one year from the date such contract is entered into unless the time for the termination thereof is definitely stated."

The intent of the legislature in passing the above law was undoubtedly to give protection to owners of real estate against the contracts

that it was the practice of brokers to obtain from the owners of real estate, many of which contracts were entered into by the owners without realizing that the language used was such that the broker's interest was more fully protected than the owner's, and that the courts had construed them as continuing contracts unless the time they were to terminate was inserted therein, and that if, after many years, the owner sold the property the brokers, by the terms of the contracts, were entitled to a commission. It was to protect the owners that the law of 1911 was enacted, compelling brokers to write their contracts for a fixed time, that the owner might know the time within which the broker must sell the property to be entitled to a commission, and if the time was not set forth by the contract, that one year should be the life of the contract.

We do not think the intent of the legislature, or the plain language of the statute, can be disregarded in construing the statute; we think the statute means what it says; that the contracts enumerated are void, not voidable, in one year unless the time for the termination thereof is definitely stated.

The contract relied upon by the plaintiff is clearly within the statute; to hold otherwise would be to ignore the language of the statute and the intent of the legislature. It was a contract "for the sale or transfer of real estate." The plaintiff, by that contract, became "the agent for the sale of real estate," and as no time for the termination thereof was definitely stated, it became void in one year from its date. The fact that the defendants did not know until June 6, 1913, that the contract was void at the expiration of one year from its date is immaterial. The law declared the contract void at the expiration of one year from its date; being void the parties were at liberty to enter into a new contract embracing the same subject matter, but neither party had the right to insist upon a further performance of the void contract, unless by the acts or conduct of the parties they were estopped to question the validity of the contract.

The small expense that the plaintiff incurred in ignorance of the law, without any act or word on the part of the defendants to induce it, is not sufficient to give life to the void contract, or to estop the defendants from invoking the statute enacted by the legislature to prevent just what the plaintiff seeks by his bill in this case to do.

*Exceptions overruled.*