STATE OF MAINE                                  SUPERIOR COURT
CUMBERLAND, ss.                                 CIVIL ACTION
                                                DOCKET NO: RE06-058
                                                AAC-CUM-12/4 2006

BROWN DEVELOPMENT CORP.

            Plaintiff

                                                **ORDER ON DEFENDANT'S**
                                                **MOTION TO DISMISS**
    v.          STATE OF MAINE
            Cumberland, ss, Clerk's Office
                  SUPERIOR COURT

                    DEC 04 2006

                    RECEIVED

                                                DONALD L. GARBRECHT
                                                      LAW LIBRARY

                                                      JAN 19 2007

MAUREEN HEMOND

            Defendant

            This case comes before the Court on Defendant Maureen Hemond's

Motion to Dismiss pursuant to M.R. Civ. P. 12(b)(6).

                              **BACKGROUND**

            Plaintiff, Brown Development Corporation ("Brown"), and Defendant,

Maureen Hemond ("Hemond"), entered into a contract in 1998 for the sale of

certain real estate from Hemond and her late husband to Brown for $40,000. The

real estate to be conveyed is located near Black Point Road in Scarborough and

included Lots 1 and 2, as well as a right-of-way and an unnumbered parcel

between the two lots and the right-of-way. As part of the agreement, Brown was

to create a private road and construct five individual plastic water lines and shut

offs. To comply with local subdivision laws, the transfer of the unnumbered lot

and right-of-way was to be delayed until at least five years after Lots 1 and 2

were transferred to Brown. According to a written agreement executed on

February 1, 1998, Hemond would require "no additional consideration" for the

right-of-way and unnumbered parcel.

                                    1

At closing on March 3, 1998, Hemond conveyed Lots 1 and 2, and Brown paid $40,000. Brown subsequently constructed the road and water lines as agreed. Eventually, Brown requested that Hemond convey the right-of-way and unnumbered parcel, but Hemond has indicated that she will not convey the property. Brown filed a Complaint seeking specific performance; Hemond then timely filed this Motion to Dismiss pursuant to M. R. Civ. P. 12(b)(6), contending that the agreement is void by operation of 33 M.R.S.A. §1 (1999).

## DISCUSSION

1. <u>Standard of Review</u>

A motion to dismiss "tests the legal sufficiency of the complaint." *Livonia v. Town of Rome*, 1998 ME 39, ¶ 5, 707 A.2d 83, 85. Because the Court reviews the complaint in the light most favorable to the plaintiff to ascertain whether it properly sets forth elements of a cause of action, "the material allegations of the complaint must be taken as admitted." *Id.* ¶ 5, 707 A.2d at 85. The Court should dismiss a claim only "when it appears 'beyond doubt that [the] plaintiff is entitled to no relief under any set of facts that [it] might prove in support of [its] claim.'" *McAfee v. Cole*, 637 A.2d 463, 465 (Me. 1994) (quoting *Hall v. Bd. of Envtl. Protection*, 498 A.2d 260, 266 (Me. 1985)).

2. <u>Is the contract void, mandating dismissal of Brown's claim?</u>

A threshold issue is the viability of the contract on which the specific performance claim is based. Hemond claims that the valid contract became void after one year under Maine law. 33 M.R.S.A. § 1 (1999) provides that:

> All contracts entered into for the sale or transfer of real estate and all contracts whereby a person, company or corporation becomes an agent for the sale or transfer of real estate shall become void in one year from the

date such contract is entered into unless the time for termination thereof is definitely stated.[1]

The Law Court first addressed the legislative intent behind this statute in a case involving a contract for the sale of land in Lewiston. *Odlin v. McAllaster*, 112 Me. 90, 90 A. 1086, 1086 (1914). There, the Court noted that the legislature meant to protect "owners of real estate against" agreements procured by brokers, which often benefited the interests of the brokers over those of the owners. *Id.* at 92, 90 A. at 1087. The Court found that the contract at issue became void after a year because neither party acted on it and no end date was specified. *Id.* Given the statute's plain language, the Court held that "neither party had the right to insist upon a further performance of the void contract, *unless by the acts or conduct of the parties they were estopped to question the validity* of the contract." *Id.* (emphasis added).

Here, the parties did act in reliance on the contract, unlike the parties in *Odlin*. Hemond is therefore estopped from claiming that the agreement became invalid. Taking Brown's allegations as true, it tendered the purchase price, and Hemond transferred Lots 1 and 2. Brown subsequently met its obligations to build the road and water lines; if its allegations are in fact true, it then became entitled to conveyance of the right of way and the unnumbered parcel.

Moreover, Brown contends that a termination date purposefully remained unspecified due to local zoning regulations. According to Brown, Hemond's second conveyance was to be delayed *at least* five years. Thus, the concerns envisioned by the legislature about accruing commissions are not present in this case. If Hemond agreed to a certain time frame, and Brown acted in reliance on

---

[1] The language of the statute comes directly from a 1911 law. P.L. 1911, ch. 157.

3

that agreement, she may not later contend that the passage of time bars the present suit. Assuming the truth of Brown's allegations, Hemond would have been in breach when she declined to convey the right of way and unnumbered parcel. This suit, therefore, will not be dismissed on the basis of 33 M.R.S.A. §1.[2]

3. Does the complaint set forth a viable cause of action for specific performance due to breach of contract?

A trial court may use its powers in equity to grant specific performance "when a legal remedy is either inadequate or impractical." *Ludington v. LaFreniere*, 1998 ME 17, ¶ 7, 704 A.2d 875, 878. Specific performance is a possible remedy in suits to enforce real estate contracts "because of the uniqueness of each parcel of real property." *Sullivan v. Porter*, 2004 ME 134, ¶ 25, 861 A.2d 625, 633.

Here, Brown not only paid the purchase price in exchange for Lots 1 and 2; it also engaged in water piping and road construction in reliance on the existence of a valid agreement. The right of way is nearby, and the unnumbered parcel lies between Lots 1 and 2; therefore, it seems that Brown's efforts were geared toward the larger transaction, serving both the property conveyed and the property that remains to be transferred. A legal remedy likely would be inadequate to compensate Brown for the substantial effort and resources it expended. Given this and the unique nature of the land involved, Brown has alleged a viable claim for specific performance.

---

[2] In Brown's Opposition, it raises for the first time an alternative theory of recovery, a constructive trust, if specific performance is not granted. As this Court's review on a motion to dismiss addresses the sufficiency of the complaint, in which a constructive trust was not mentioned, it will not address the constructive trust argument at this time.

The entry is:

Defendant's motion to dismiss is DENIED.

DATE: _December 7, 2006_

Roland A. Cole
Justice, Superior Court

5

JEFFREY BENNETT ESQ
PO BOX 7799
PORTLAND ME 04112



< OF COURTS

berland County

.O. Box 287

Maine 04112-0287

DANIEL MITCHELL ESQ
PO BOX 9729
PORTLAND ME 04104



STATE OF MAINE
CUMBERLAND, ss.

DONALD L. G... LAW LIBRARY JAN 15 2008

SUPERIOR COURT
CIVIL ACTION
DOCKET NO: RE-06-058
RAC-CUM- 1/2/...

BROWN DEVELOPMENT
CORPORATION,
              Plaintiff,

      v.

MAUREEN HEMOND,

              Defendant.

**ORDER ON PLAINTIFF'S
MOTION FOR SUMMARY
JUDGMENT**

This case comes before the Court on Plaintiff Brown Development

Corporation's Motion for Summary Judgment pursuant to M.R. Civ. P. 56.

## BACKGROUND

This case involves the sale and development of certain real estate located

near Black Point Road in Scarborough, Maine. At issue is whether the Court can

consider an alleged oral condition to a written contract for the sale of the subject

real property.

Defendant Maureen Hemond (Hemond) and her now deceased husband

Fern Hemond were interested in developing their land. In furtherance of that

goal they entered into a purchase and sale option agreement on April 17, 1997

with Plaintiff, Brown Development Corporation (Brown) for the sale of certain

real estate to Brown for $40,000 (April Agreement).[1]

The April Agreement refers to the conveyance of three separate lots

numbered 2-4. Pursuant to the agreement, Brown was to create a private road

and construct five individual plastic water lines and shut offs. When the road

---

[1] Hemond notes that only Maureen and not Fern Hemond's signature is on the
Agreement.

1

was completed, Hemond agreed to convey lot #2 to Brown.[2] Lots 3 and 4 were to be conveyed prior to the completion of the road and water lines but were conditioned on the sale of Lot #4. The entire agreement was contingent upon Brown obtaining permits to develop lots 2 and 3.

On February 1, 1998, Hemond and Brown entered into an "Agreement for the Sale of Additional Real Estate" wherein Hemond agreed to convey to Brown "for no additional consideration, the small parcel of land located between Lot 1, Lot 2 and the right of way, all as more fully shown on the Sebago Technics plan, Project Number 94438" (February Agreement). There is no reference on the February Agreement to the April Agreement; however, Hemond admits that the February Agreement was part of the April Agreement.[3] See SMF ¶¶ 40-43. Both parties agree that neither Agreement contains an integration clause.

Hemond conveyed two of the lots to Brown on March 3, 1998, for which Brown paid $40,000. Brown subsequently constructed the road and water lines according to the April Agreement. Subsequent to the completion of the road and water lines, Brown requested that Hemond convey the right-of-way and unnumbered parcel.[4] Hemond has refused to do so. She asserts that there was

---

[2] The reason for delaying the sale of one of the lots was to comply with town subdivision rules. Brown asserts that this was the only reason for the delay. Hemond asserts that the subdivision rule was one reason for the delay but that there also was an oral contingency placed on the sale. See Def. OSMF ¶¶ 39-40.

[3] Regardless of the ambiguity in the actual contracts, the facts have been resolved to the extent that the February Agreement is a sub-agreement to the April Agreement. The only fact in dispute is whether an alleged oral contingency is material and/or admissible before the court.

[4] There was a time lapse between completion of the road and water hook-ups and Brown's request for conveyance of the third parcel. This delay, Brown asserts, was due to his acknowledging the death of Fern Hemond and waiting a respectful amount of time before approaching Mrs. Hemond.

an oral condition on the contract that the additional land would only be conveyed if Brown acquired a certain "Davidson" Lot. Def.Op.SMF ¶ 32.

Brown filed a complaint seeking specific performance of the Contract. Hemond filed a Motion to Dismiss pursuant to M. R. Civ. P. 12(b)(6), which was denied by this Court.

## STANDARD OF REVIEW

Summary judgment is proper where there exist no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *see also Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, 770 A.2d 653, 655. A genuine issue is raised "when sufficient evidence requires a fact-finder to choose between competing versions of the truth at trial." *Parrish v. Wright*, 2003 ME 90, ¶ 8, 828 A.2d 778, 781. A material fact is a fact that has "the potential to affect the outcome of the suit." *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573, 575. "If material facts are disputed, the dispute must be resolved through fact-finding." *Curtis v. Porter*, 2001 ME 158, ¶ 7, 784 A.2d 18, 22.

When a defendant seeks summary judgment, a "plaintiff must establish a prima facie case for each element of her cause of action." *Champagne v. Mid-Maine Med. Ctr.*, 1998 ME 87, ¶ 9, 711 A.2d 842, 845. "The standards for summary judgment in favor of a party with the burden of proof may be somewhat different, as the fact finder has the prerogative to disbelieve a witness and other affirmative evidence, even if that evidence is uncontradicted." Alexander, *The Maine Rules of Civil Procedure with Advisory and Committee Notes* § 56.1.4 (*citing Dionne v. LeClerc*, 2006 ME 34, ¶ 15, 896 A.2d 923, 929). At this stage, the facts are reviewed "in the light most favorable to the nonmoving party." *Lightfoot v. Sch. Admin. Dist. No. 35*, 2003 ME 24, ¶ 6, 816 A.2d 63, 65.

When considering the language of a contract at summary judgment, "contract language [that] is ambiguous or uncertain, . . . is a question of fact to be determined by the fact finder." *Gagne v. Stevens*, 1997 ME 88, ¶ 8, 696 A.2d 411, 414 (citations omitted). If the contract language is unambiguous, it is a "question of law for the court." *Id.* Questions regarding integration of the contract and sufficiency of the writing under the statute of frauds are a matter of law. *Id.*

## DISCUSSION

### I. Specific Performance

A trial court may use its powers in equity to grant specific performance "when a legal remedy is either inadequate or impractical." *Ludington v. LaFreniere*, 1998 ME 17, ¶ 7, 704 A.2d 875, 878. Specific performance is a possible remedy in suits to enforce real estate contracts "because of the uniqueness of each parcel of real property." *Sullivan v. Porter*, 2004 ME 134, ¶ 25, 861 A.2d 625, 633.

In this case Brown fulfilled all terms of the written April Agreement including significant improvement to the land. As stated in this Court's denial of Hemond's Motion to Dismiss, Brown has alleged a viable claim for specific performance.

### II. Parol Evidence

Hemond contends that an oral condition to the April Agreement existed that was arguably not fulfilled by Brown, thus raising a genuine issue of material fact that precludes summary judgment. Generally speaking, extrinsic evidence "offered to alter or vary unambiguous contractual language" is disallowed under the parol evidence rule. *Rogers v. Jackson*, 2002 ME 140, ¶ 9, 804 A.2d 379, 381.

4

"this proposition, however, presupposes the existence of an integrated contract."
*Id.* It is uncontested that there is no integration clause in the contracts.

Moreover, the parol evidence rule "does not bar proof of every orally established condition precedent, but only of those which in a real sense contradict the terms of the written agreement." *Id.* ¶ 11, 804 A.2d at 381. If the "oral condition supplements but does not contradict the writing" it is not barred by the parol evidence rule. *Id.* ¶12, 804 A.2d at 382.

In this case Hemond contends that an oral condition precedent existed that Brown acquire the Davidson lot. Brown argues that this condition directly contradicts the conditions in the April Agreement that he build the road and get building permits for the first two lots sold. It is, however, an additional contingency, not an opposing one.

However, the transfer of real property is subject to the statute of frauds.

### III. Statute of Frauds

Brown asserts that both the April and February Agreements are sufficient under the statute of Frauds.

It is well settled that "absent extraordinary circumstances, a contract for the sale of land must be in writing to be enforced." *Sullivan v. Porter*, 2004 ME 134, ¶ 10, 861 A.2d 625, 630 (*citing* 33 M.R.S.A. § 51(4)(11999) (statute of frauds)). In order to satisfy the statute of frauds, the writing "must contain . . . all the essential terms of the contract, expressed with such reasonable certainty as may be understood from the memorandum and other written evidence referred to, (if any) without any aid from parol testimony." *Gagne*, 1997 ME 88, ¶ 9, 696 at 414 (*quoting Kingsley v. Siebrecht*, 92 Me. 23, 27-28, 42 A. 249 (Me. 1898)).

The statute of frauds exists to ensure "reliable evidence of the existence and terms of the contract to prevent enforcement through fraud or perjury of contracts never in fact made. *Id. (citing Restatement (Second)of Contracts § 131 cmt. c)*. The essential terms to be referenced are 1) identification of the property; 2) identification of the parties to the sale; 3) the purchase price; 4) the amount of the down payment; and 5) the type of financing. *Sullivan v. Porter*, 2004 ME 134, ¶ 14, 861 A.2d 625, 631 (citations omitted). The property identification does not need to be a metes and bounds description, but may be by reference to another writing. *Gagne*, 1997 ME 88, ¶ 9, 696 at 414.

If the statute of frauds is satisfied, parol evidence may be admitted for limited purposes only. *Id.* n. 5, 696 A.2d at 415. Those purposes include:

> [I]dentifying the description contained in the writing, with its location upon the ground; showing that two or more writings are so connected in the minds of the parties that they adopted all of them as indicating their purpose; interpreting and applying the language of the memorandum in order to ascertain the meaning of the words there used; and supplying the details which merely explain or clarify the essential terms appearing in the instrument.

*Id.* (citations omitted) (internal quotations omitted).

In this case, Hemond does not argue that the contract is barred by the statute of frauds, merely that extrinsic (parol) evidence of an oral contingency regarding the third lot should be admitted to clarify the terms of an ambiguous contract. To allow parol evidence of an oral contingency contradicts the core purpose of the statute of frauds. Thus, this Court deems the oral contingency inadmissible under the statute of frauds.

Brown argues that the contract satisfies the statute of frauds and that he has fully performed under the contract and thus specific performance is warranted. Compliance with the statute of frauds is a question of law. *Gagne*,

6

1997 ME 88, ¶ 8, 696 A.2d at 414 (citations omitted). The February Agreement clearly identifies the parties, the cost ("no additional consideration"), and the property by reference to the Sebago Technics plan.[5] Though minimal, it does convey the necessary elements in light of Hemond's concession that it is a sub-agreement to the April Agreement and that the Sebago Technics plan is a true and accurate copy.

**Therefore, the entry is:**

Plaintiff's Motion for Summary Judgment is GRANTED.

Defendant is ordered to comply with the February Agreement and convey the lot and right-of-way referred to therein.

The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated at Portland, Maine this _12th_ day of _December_ 2007.

Roland A. Cole
Justice, Superior Court

---

[5] The February Agreement in its entirety reads:

AGREEMENT FOR SALE OF ADDITIONAL PARCEL OF REAL ESTATE

By signing below, we FERDNAND J. HEMOND and MAUREEN T. HEMOND, of 82 Black Point Road, Scarborough, Cumberland County, Maine, agree to convey to BROWN DEVELOPMENT CORP., a Maine Corporation whose mailing address in P.O. Box 7022, Scarborough, ME 04070, its successors and/or assigns, for no additional consideration, the small parcel of land located between Lot 1, Lot 2 and the right-of-way, all as more fully shown on the Sebago Technics plan, Project number 94438.

F COURTS
ınd County
lox 287
ıe 04112-0287

*Plaintiff*

JEFFREY BENNETT ESQ
PO BOX 7799
PORTLAND ME 04112

F COURTS
nd County
ox 287
ıe 04112-0287

DANIEL MITCHELL ESQ
PO BOX 9729
PORTLAND ME 04104

*Defendant*