HARRY M. GOODWIN *vs*. EDWARD ALTON LUCK.

Oxford.     Opinion, October 2, 1937.

*E. Walker Abbott*, for plaintiff.
*Harry M. Shaw*, for defendant.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

THAXTER, J.     This action, brought to recover a commission on the sale of certain real estate, is before this Court on report.

The plaintiff and the defendant entered into a written agreement under the terms of which the plaintiff was to have the exclusive right to sell certain real estate owned by the defendant. The stipulated price was $4200; and, if the plaintiff procured a customer able and willing to buy at that price, he was to receive a commission of six per cent. If, during the existence of the contract, the property should be sold by the owner, the plaintiff was nevertheless entitled to receive the commission. The contract was entered into August 13, 1935. March 1, 1937, the defendant sold the property for $3500, and the plaintiff claims to be entitled to a commission of $210 on this sale. On different occasions after the execution of the contract there was talk between the parties about a reduction in the selling price. It is not altogether clear whether such conversations resulted

in an actual modification of the original agreement. It is not, however, necessary to decide this question, for the plaintiff has elected to sue on the written contract, and it is our opinion that a suit on such contract in view of the provisions of R. S. 1930, Chap. 123, Sec. 12, can not be maintained whether the contract may have been modified as to a reduction in price by a subsequent parol agreement or not. The statutory provision in question reads as follows:

> "All contracts entered into for the sale or transfer of real estate and all contracts whereby a person, company, or corporation becomes an agent for the sale or transfer of real estate shall become void in one year from the date such contract is entered into unless the time for the termination thereof is definitely stated."

This law was passed to give protection to the owners of property against agreements of this nature, which might continue indefinitely without the owners of the property suspecting because of the lapse of time that they might be still in force. The intent of the legislature is plain, that at the end of one year such contracts are not merely voidable, but are void, unless the time for termination is definitely stated. *Odlin* v. *McAllaster*, 112 Me., 89, 90 A., 1086; *Sawyer* v. *Federal Land Bank of Springfield*, 135 Me., 137, 190 A., 731.

The plaintiff argues, however, that the time for the termination of this contract is definitely stated and he refers to the following clause in the contract: "This contract and agency shall continue and be in full force until the expiration of sixty days' written notice given to said Agent by said Principal of his intention to revoke the same."

This provision does not fix a definite time for the termination of the contract. It indicates rather an attempt to avoid the consequences of the statute. Such would certainly be the case if the language had stated merely that the contract should remain in force until written notice should be given by the principal to the agent of its termination; and such result is in no wise changed because it is provided that it shall terminate sixty days after such notice.

Plaintiff's counsel argues that if a note payable sixty days after demand is regarded as payable at a fixed or determinable future

time and hence negotiable, the aforesaid provision of this contract must likewise be held to fix a definite time for termination. Without discussing all of the incidents which attach to commercial paper, it is only necessary to say that in interpreting the provision of the statute in question, we must look to the end which the legislature sought in its enactment, and that the interpretation asked for by the plaintiff would nullify its purpose.

The contract here in question by reason of the provisions of the statute was not in force at the time when the defendant made the sale of the property on March 1, 1937.

*Judgment for the defendant.*