2008 ME 146

**BROWN DEVELOPMENT CORP.**

**v.**

**Maureen HEMOND.**

Supreme Judicial Court of Maine.

Submitted on Briefs: June 30, 2008.

Decided: Sept. 23, 2008.

Daniel J. Mitchell, Esq., Bernstein Shur, Portland, ME, for Maureen Hemond.

Jeffrey Bennett, Esq., The Bennett Law Firm, P.A., Portland, ME, for Brown Development Corporation.

Panel: ALEXANDER, SILVER, MEAD, and GORMAN, JJ.

Majority: SILVER, MEAD, and GORMAN, JJ.

Dissent: ALEXANDER, J.

MEAD, J.

[¶ 1] Maureen Hemond appeals from a judgment of the Superior Court (Cumberland County, *Cole, J.*) granting summary judgment in favor of the Brown Development Corporation on its complaint for specific performance of a contract for the sale of real estate. Hemond argues that the Superior Court erred in applying the statute of frauds to bar consideration of an alleged oral condition precedent. We vacate the judgment.

1. Her husband, Fernand Hemond, was a party to these transactions but died prior to the instant action.

2. There appear to be a number of disagreements between the parties as to exactly what documents constitute the contract and what the contract's terms are. Apart from the issues *addressed below, we reach no conclu-*

## I. BACKGROUND

[¶ 2] Maureen Hemond owns property in Scarborough.[1] They sought to develop a portion of this property but were unsure how to proceed, and obtained the assistance of Brown Development Corporation (Brown) regarding the sale and development of their property.

[¶ 3] On April 17, 1997, the Hemonds entered into a written agreement to sell a portion of their property to Brown.[2] Brown was to survey the property, construct a private access road, and pay the Hemonds $40,000. The Hemonds were to convey three lots to Brown; the parties disagree as to which properties were to be conveyed.

[¶ 4] On February 1, 1998, the Hemonds signed a written document styled as an "AGREEMENT FOR SALE OF ADDITIONAL PARCEL OF REAL ESTATE" in which they agreed to convey to Brown "the small parcel of land located between Lot 1, Lot 2 and the right-of-way, all as more fully shown on the Sebego [sic] Technics plan, Project Number 94438." Despite the characterization of the land to be conveyed as an additional parcel of real estate in the title of the document, it appears that the small parcel is the same piece of property described in the April 17, 1997, agreement as lot # 3. Thus, the February 1, 1998, agreement accomplishes nothing other than to confirm the Hemonds' continuing obligation, as established in the earlier agreement, to

sions regarding these points because they were not raised on appeal. Further, there has been no argument to the effect that any failure by the parties to specifically describe the property to be transferred rendered the contract unenforceable. This issue is not addressed here.

eventually convey the property alternately described as lot # 3 or the small parcel.

[¶ 5] Brown fully performed its obligations and the parties closed on two of the properties on March 4, 1998. The Hemonds did not transfer the small parcel at that time; they only transferred two of the lots because of an apparent desire to avoid subdivision regulations, which they thought would come into play if more than two properties were transferred or developed within a five-year period.

[¶ 6] Some time after the five-year period had expired, Brown approached Hemond regarding the transfer of the small parcel. Hemond refused to convey the parcel based on Brown's failure to acquire the Davidson lot. Brown then brought the present action in the Superior Court.

[¶ 7] Hemond asserts that there was an oral condition on the transfer of the small parcel. She states that it was only to be conveyed if Brown acquired a lot from a third party (the Davidson lot), a lot that was effectively bounded by the lots Hemond was conveying to Brown.[3] Brown argues that there was no oral condition

affecting the transfer of the small parcel. Brown did not acquire the Davidson lot.

[¶ 8] In its order granting summary judgment to Brown, the Superior Court noted that Brown had a viable claim for specific performance because real property is unique. It concluded that the contract met the requirements of the statute of frauds. Further, it appears to have concluded that, because the contract was not integrated, extrinsic evidence was not barred by the parol evidence rule and could be considered. However, instead of considering this evidence, the court concluded that to permit extrinsic evidence of an oral condition would "contradict[ ] the core purpose of the statute of frauds."

■ [¶ 9] Hemond argues that the Superior Court erred in applying the statute of frauds and in barring extrinsic evidence of an oral condition to the written contract.[4] Brown argues that it is entitled to specific performance, and it further argues that extrinsic evidence cannot be used to alter unambiguous and partially integrated contract terms.

---

3.  Hemond further argues that the parties had agreed that the small parcel was to be used only for access to the Davidson lot and no structure was to be built upon it.

4.  Hemond also argues that enforcement of the contract is barred by 33 M.R.S. § 1 (2007), which states:

    All contracts entered into for the sale or transfer of real estate and all contracts whereby a person, company or corporation becomes an agent for the sale or transfer of real estate shall become void in one year from the date such contract is entered into unless the time for the termination thereof is definitely stated.

    Hemond argues that under this statute, Brown's delay in seeking to enforce the contract voids it. The predecessor to section 1 was passed by the Maine Legislature in 1911 to prevent brokers and agents from using

confusing contracts that provided for commissions for the sale of the property regardless of when the sale occurred. P.L. 1911, ch. 157 (approved March 30, 1911); *see also Goodwin v. Luck*, 135 Me. 228, 229, 194 A. 305, 306 (1937); *Odlin v. McAllaster*, 112 Me. 89, 91–92, 90 A. 1086, 1087 (1914).

Her argument is unpersuasive. We have held that "neither party [to the contract has] the right to insist upon a further performance of the [contract at issue], unless by the acts or conduct of the parties they were estopped to question the validity of the contract." *Odlin*, 112 Me. at 92, 90 A. at 1087. Here, the validity of the contract is not at issue; neither party has argued it is void or otherwise invalid; and there has been some measure of performance by both parties. Further, the delay in transferring the small parcel was apparently by design of the parties. Neither party may now be heard to question the validity of the contract because of delay.

## II. DISCUSSION

[¶ 10] A grant of summary judgment is reviewed for errors of law, with the evidence viewed in the light most favorable to the party against whom judgment was entered. *Reliance Nat'l Indem. v. Knowles Indus. Servs., Corp.*, 2005 ME 29, ¶ 7, 868 A.2d 220, 224. The judgment will be upheld if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.* An issue is genuine if there is sufficient evidence supporting the claimed factual dispute to require a choice between the differing versions; an issue is material if it could potentially affect the outcome of the matter. *Univ. of Me. Found. v. Fleet Bank of Me.*, 2003 ME 20, ¶ 20, 817 A.2d 871, 877.

[¶ 11] The statute of frauds reads: No action shall be maintained ... [u]pon any contract for the sale of lands, tenements or hereditaments, or of any interest in or concerning them ... unless the promise, contract or agreement on which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith. . . .

33 M.R.S. § 51(4) (2007). The purpose of the statute of frauds is to prevent actions based on false claims. *Wells Fargo Home Mortgage, Inc. v. Spaulding*, 2007 ME 116, ¶ 20, 930 A.2d 1025, 1030; *Dehahn v. Innes*, 356 A.2d 711, 717 (Me.1976).

[¶ 12] While a contract must be in writing, almost any writing is sufficient for statute of frauds purposes. *Wells Fargo Home Mortgage, Inc.*, 2007 ME 116, ¶ 20, 930 A.2d at 1030. The sufficiency of a writing is a matter of law. *Gagne v. Stevens*, 1997 ME 88, ¶ 8, 696 A.2d 411, 414. Once a contract has satisfied the statute of frauds, parol evidence may then be considered. *Id.* ¶ 9 n. 5, 696 A.2d at

415. Here, the Superior Court concluded that the contract met the statute of frauds' requirements and neither party has contested the validity of the contract.

[¶ 13] The parol evidence rule "operates to exclude from judicial consideration extrinsic evidence offered to vary, add to, or contradict the terms of an integrated written agreement." *Clarke v. DiPietro*, 525 A.2d 623, 625 (Me.1987). The application of the parol evidence rule is contingent on an initial finding that the contract at issue is integrated. *See, e.g., Rogers v. Jackson*, 2002 ME 140, ¶ 9, 804 A.2d 379, 381; *Handy Boat Serv., Inc. v. Prof'l Servs., Inc.*, 1998 ME 134, ¶ 11, 711 A.2d 1306, 1309; *Farley Inv. Co. v. Webb*, 617 A.2d 1008, 1010 (Me.1992). A contract may be completely or partially integrated, and the degree of integration will impact the scope of permissible extrinsic evidence. *See Astor v. Boulos Co., Inc.*, 451 A.2d 903, 905–06 (Me.1982). Whether or not a contract is integrated is a question of law. *Gagne*, 1997 ME 88, ¶ 8, 696 A.2d at 414.

[¶ 14] If a contract is integrated, evidence offered to alter unambiguous language will be excluded by the rule. *Rogers*, 2002 ME 140, ¶ 9, 804 A.2d at 381. Where the agreement is partially integrated, extrinsic evidence will be admissible if the additional terms are consistent with the written terms. *Id.* ¶ 10, 804 A.2d at 381.

[¶ 15] This is also true regarding evidence of oral conditions. *Id.* "Where the parties to a written agreement agree orally that performance of the agreement is subject to the occurrence of a stated condition, the agreement is not integrated with respect to the oral condition." *Paine v. Paine*, 458 A.2d 420, 421 (Me. 1983) (quoting Restatement (Second) of Contracts § 217). Consideration of oral conditions is not barred by the parol evi-

dence rule unless they "in a real sense contradict" or are "repugnant to the conditions or terms" of the written contract. *Rogers*, 2002 ME 140, ¶ 11, 804 A.2d at 381–82 (quotation marks omitted).

[¶ 16] In *Rogers*, the debtor argued that there was an oral condition on a promissory note that provided that he would only make payments on the note if he were able to do so. *Id.* ¶ 2, 804 A.2d at 380. The Superior Court granted the creditors' motion for summary judgment. *Id.* ¶ 4, 804 A.2d at 380. On appeal, we vacated the judgment, concluding that consideration of the alleged oral condition was not barred by the parol evidence rule and therefore summary judgment was inappropriate. *Id.* ¶¶ 10–14, 804 A.2d at 381–82. Specifically, we held that consideration of an oral condition was not barred by the parol evidence rule because it "supplements but does not contradict the writing." *Id.* ¶ 12, 804 A.2d at 382. "The ability-to-pay condition alleged by [appellant] is not repugnant to the terms of the note and does not in a real sense contradict them." *Id.* ¶ 11, 804 A.2d at 382.

▆▆▆ [¶ 17] Here, the agreement between the parties is not integrated: there is no integration clause; the agreements are extremely sparse in their language; and, given that both parties agree that there was to be a five-year delay in conveying the small parcel and that this is not reflected in the language of the agreements, clearly the parties contemplated at least some oral terms. At most, the agreement is partially integrated. There-

fore the question becomes whether the alleged oral condition contradicts the written terms of the contract.

[¶ 18] Our holding in *Rogers* governs here. An alleged oral condition precedent requiring Brown to acquire the Davidson lot before Hemond's duty to perform arises cannot be said to "contradict" or be "repugnant" to the terms of the agreement between the parties. The alleged oral condition does not vary or alter the written terms: it does not alter the property to be conveyed; it does not alter the parties involved; and it does not alter the consideration agreed to by the parties.[5] It simply places a condition on the transfer of the small parcel, just as an oral condition in *Rogers* allegedly placed a condition on the repayment of a note.[6] Therefore, because the contract is not fully integrated and because the alleged oral condition does not contradict the written terms of the contract, consideration of the oral condition is not barred by the parol evidence rule.

▆▆▆ [¶ 19] In asserting that there was an oral condition precedent to the transfer of the small parcel, Hemond raised a genuine issue of material fact. For example, in her statement of material facts on Brown's summary judgment motion, Hemond asserted that "the small parcel of land at issue in this case would be conveyed to Brown Development only if it acquired … the 'Davidson Property,' and then only to provide access to the Davidson Property. . . ." This issue is genuine because there is evidence sufficient to require a choice by the fact-finder between

---

**5.** Hemond will not receive any additional funds or benefit if the small parcel is conveyed after the oral condition is satisfied.

**6.** Clearly, this discussion does not prejudge the credibility of Hemond's evidence of this alleged oral condition. "The existence of the oral condition is … a question of fact; [appellant] is entitled to present his evidence on

that question even though the fact-finder may receive it with skepticism." *Rogers v. Jackson*, 2002 ME 140, ¶ 12, 804 A.2d 379, 382. Admissibility under the parol evidence rule and the credibility and weight accorded that evidence by the fact-finder are distinct questions.

the parties' differing versions; the issue is material because it could affect the outcome of the case. *See Univ. of Me. Found.*, 2003 ME 20, ¶ 20, 817 A.2d at 877. Because Hemond has presented evidence of a genuine issue of material fact, summary judgment is inappropriate.

The entry is:

Judgment vacated. Remanded to the Superior Court for proceedings consistent with this opinion.

ALEXANDER, J., dissenting.

[¶ 20] I respectfully dissent. As the Superior Court's judgment determined, there is no reference to the "Davidson lot" so-called in any of the parties' written agreements. Accordingly, the Superior Court correctly determined that Hemond's effort to amend the written agreements by claiming an oral side agreement that Brown would acquire the Davidson lot is barred by the statute of frauds. I would affirm the judgment of the Superior Court.