STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss                                    CIVIL ACTION
                                                  DOCKET NO. CV-09-250
                                                  REC-      /-.    !·/.'

SOUTHWORTH-MILTON, INC.
       Plaintiff
                                                  ORDER ON PLAINTIFF'S
v.                                                MOTION FOR SUMMARY
                                                  JUDGMENT
MICHAEL COWAN
       Defendant


## BEFORE THE COURT

Before the court is Plaintiff Southworth-Milton, Inc.'s (Milton) Motion for

Summary Judgment against Defendant Michael Cowan (Cowan) pursuant to

M.R. Civ. P. 56.

## BACKGROUND

Defendant Cowan is the President and sole shareholder of Maine

Earthmoving, Inc. Maine Earthmoving, Inc. filed for chapter 11 bankruptcy on

February 10, 2009. On or about March 1, 1994, Milton and Maine Earthmoving,

Inc. entered into a credit agreement. As part of the credit agreement, Cowan

executed a guarantee whereby he personally guaranteed payments owed to

Milton by Maine Earthmoving, Inc. under the credit agreement. The language of

the personal guarantee provides: "I, as officer, director, and/or shareholder,

agree to PERSONALLY GUARANTEE payment to Southworth-Milton, Inc. for

any and all indebtedness hereafter incurred by or for the corporation for which

the application is made."

Maine Earthmoving, Inc. has failed to pay invoices in the amount of

$88,033.24. On or about March 30, 2009, Milton sent a demand letter to Cowan,

1

as the personal guarantor for Maine Earthmoving. Inc., seeking payment for all amounts owed. The debt has not been paid and the total amount owed as of July 9, 2009 was $94,039.12, which includes amounts owed pursuant to the 1.5% monthly service charge set forth in the credit agreement. The service charge accrues at a rate of $38.01 per day.

## DISCUSSION

### I.    Standard of Review

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. M.R. Civ. P. 56(c). In considering a motion for summary judgment, the court should consider the facts in the light most favorable to the non-moving party, and the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. *E.g., Johnson v. McNeil,* 2002 ME 99, ¶ 8, 800 A.2d 702, 704. A contested fact is "material" if it could potentially affect the outcome of the suit under the governing law. *Inkel v. Livingston,* 2005 ME 42, ¶ 4, 869 A.2d 745, 747. A fact is "genuine" if there is sufficient evidence supporting the claimed fact to require a fact-finder to choose between competing versions of facts at trial. *Id.* For the purposes of summary judgment, factual disputes and ambiguities must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a matter of law, summary judgment should be granted. *Rodrigue v. Rodrigue,* 1997 ME 99, ¶ 8, 694 A.2d 924, 926.

2

## II. Contract Claim and the Evidence Before the Court

Milton alleges a claim for breach of contract. The elements of a breach of contract claim are breach of a material contract term, causation, and damages. *Maine Energy Recovery Co. v. United Steel Structures, Inc.*, 1999 ME 31, ¶ 7, 724 A.2d 1248, 1250. Milton has shown that (1) a contract exists, (2) that Cowan signed the personal guarantee of payments owed by Maine Earthmoving, Inc., (3) that a debt of over $94,000 has been incurred by Earthmoving, Inc., and (4) that the debt has not been paid.

The dispute in this case centers on the personal guarantee clause of the credit agreement. Cowan signed the personal guarantee and he does not dispute the amount charged on the credit account. However, Cowan disputes the amount that he personally owes as a result of the personal guarantee based on two alleged issues of material fact. First, Cowan claims that the personal guarantee clause is ambiguous. Second, Cowan asserts in his affidavit that in discussions about the credit agreement and at the time of the signing, Milton's credit manager Gerry Kittridge represented that the line of credit would have a maximum of a couple of thousand dollars, and that Cowan would only be personally guaranteeing at most a couple thousand dollars. Cowan claims he was not told that the personal guarantee was unlimited in amount. Cowan claims that a note on the credit agreement stating, "1000 KG" is reasonably interpreted as a $1,000.00 credit limit approved by Kittridge.

Cowan attempts to construe the guarantee clause as ambiguous by emphasizing the phrase "for which this application is made." Cowan couples this argument with his claim that he was told the line of credit would only be for a couple of thousand dollars. However, when read in full, the personal

guarantee clause is unambiguous. The personal guarantor agreed to pay "for any and all indebtedness hereafter incurred by or for the corporation for which this application is made." The court concludes that the plain meaning of this clause is unambiguous.

Milton alleges in its reply statement of facts that statements in Cowan's August 11, 2009 affidavit are inadmissible hearsay. Specifically, Milton objects to the admissibility of Cowan's claim that Gerry Kittridge said that the line of credit would be for a maximum threshold of a couple of thousand dollars. Hearsay is a statement made by someone other than the declarant offered to prove the truth of the matter asserted. M.R. Evid. 801(c). An admission by a party opponent is expressly declared not to be hearsay. M.R. Evid. 801(d)(2). Therefore, the contested statements in Cowan's affidavit are not excluded as hearsay.

However, Cowan is precluded from offering evidence outside of the written credit agreement based on the parol evidence rule. The parol evidence rule "operates to exclude from judicial consideration extrinsic evidence offered to vary, add to, or contradict the terms of an integrated written agreement." *Brown Dev. Corp. v. Hemond*, 2008 ME 146, ¶13, 956 A.2d 104, 108. "A contract may be completely or partially integrated, and the degree of integration will impact the scope of permissible extrinsic evidence." *Id.* Whether a contract is integrated is a question of law. *Id.* An integrated contract is a writing constituting a final expression of one or more terms of the contract. Restatement (Second) of Contracts § 209 (1981). "Where the parties reduce an agreement to a writing which in view of its completeness and specificity reasonably appears to be a complete agreement, it is taken to be an integrated agreement unless it is established by other evidence that the writing did not constitute a final

expression." *Id.* If the contract is integrated, evidence offered to alter unambiguous language will be excluded by the parol evidence rule. *Brown Dev. Corp.* at ¶ 14, 956 A.2d at 108. If a contract is not a complete and exclusive statement of the terms of the agreement, then the contract is partially integrated. Restatement (Second) of Contracts § 210(2) (1981). Where an agreement is partially integrated, extrinsic evidence will be admissible if the additional terms are consistent with the written terms. *Id.*

Cowan alleges Gerry Kittridge told him during discussions and at the signing of the agreement that the line of credit would be for a maximum of a couple of thousand dollars, and that Cowan would only be personally guaranteeing at most a couple of thousand dollars. The two thousand dollar limitation is entirely inconsistent with the written terms of the credit agreement and the personal guarantee. "An oral condition is inconsistent if repugnant to the conditions or terms actually stated in the writing." *Rogers v. Jackson*, 2002 ME 140, ¶ 11, 804 A.2d 379, 382, *citing* Williston on Contracts § 33:18, at 650 (4th ed. 1999). The personal guarantee makes the guarantor responsible for "any and all indebtedness hereafter incurred by or for the corporation." There is no mention anywhere in the agreement that Cowan's liability as the guarantor would be limited to a couple of thousand dollars. Therefore, in considering Milton's Motion for Summary Judgment, Cowan's claim that Gerry Kittridge told him the credit limit was a couple of thousand dollars is excluded by the parol evidence rule.

Cowan argues that the "1000 GK" notation on the credit agreement is most reasonably interpreted as a $1,000.00 credit limit approved by Gerry Kittridge. Cowan makes this claim in his August 11th affidavit, and also in a

footnote in his Memorandum in Opposition to the Motion for Summary Judgment. The affidavit states:

> The maximum amount of the line of credit was not indicated in the Credit Application and Agreement. However, after the Credit Application and Agreement was approved, someone wrote notes at the top of the first page, presumably someone from Southworth-Milton, Inc. The notes at the top right corner look to state "1000 GK." I interpret that to indicate that the line of credit was approved for $1000.00.

Cowan Aff. ¶ 12. This claim is not mentioned in Cowan's Opposing Statement of Material Facts, and the claim that Cowan's liability was limited to $1,000.00 is inconsistent with Cowan's claim that his liability was limited to $2,000.00. There is no statement under oath saying Cowan's liability was limited to $1000.00. As a result, the court does not consider the notation a sufficient ground to withstand Plaintiff's Motion for Summary Judgment.

Therefore, the entry is:

Plaintiff's Motion for Summary Judgment is GRANTED.

Dated at Portland, Maine this _30th_ day of _November_, 2009.

Robert E. Crowley
Justice, Superior Court

SOUTHWORTH MILTON INC VS MICHAEL COWAN
UTN:AOCSsr  -2009-0046095                    CASE #:PORSC-CV-2009-00250
--------------------------------------------------------------------
SEL VD                             REPRESENTATION TYPE      DATE
01 0000001421 ATTORNEY:BEAGLE, C ALAN
ADDR:26 CITY CENTER PO BOX 7044 PORTLAND ME 04112-7044
     F FOR:MICHAEL COWAN                     DEF        RTND  05/28/2009

02 0000009902 ATTORNEY:HATCH, JOHN K
ADDR:ONE MONUMENT SQUARE PORTLAND ME 04101
     F FOR:SOUTHWORTH MILTON INC             PL         RTND  04/30/2009

Select A=Atty, B=Bail, D=DckPr, E=Evt, F=Fin, J=Jdgm, O=Ordr, P=Prty, R=Review:

To exit this option, select the EXIT KEY.