STATE OF MAINE                                  SUPERIOR COURT
ANDROSCOGGIN                                    CIVIL ACTION
                                                DOCKET NO: CV-08-1146

WILLIAM PABST, JR.,

             Plaintiff,

                                                     **ORDER**
        v.

LEWISTON DAILY SUN,                        RECEIVED & FILED

                                                  APR 1 1 2010
             Defendant
                                              ANDROSCOGGIN
                                              SUPERIOR COURT


Plaintiff William Pabst, Jr., has brought this action against the defendant

Lewiston Daily Sun to recover for an alleged breach of contract.

## BACKGROUND

Mr. Pabst was an independent contractor who distributed newspapers for

the Lewiston Daily Sun (the Daily Sun). The parties' relationship was governed

by two contracts, executed on April 29, 2004 and March 1, 2006 respectively. Both

contracts contained language identifying them "as the final, complete and

exclusive statement of the parties' agreement and contract," intended to replace

all prior agreements, which could only be modified by a mutually-signed

writing.

Under the contracts, Mr. Pabst leased a list of the Daily Sun's subscribers

located along a certain distribution route. Each day he would purchase

newspapers wholesale from the Daily Sun, then resell them to the public in the

designated area. While Mr. Pabst could collect payments directly, subscribers

often mailed their payments to the Daily Sun. The contracts authorized the Daily

Sun to accept these payments on Mr. Pabst's behalf as his agent. No other

1

mention of compensation appears in either contract. However, the parties in fact had a well-defined system of accounting between themselves whereby each week the Daily Sun would give Mr. Pabst a check for the net portion of his subscribers' payments minus the wholesale cost of the papers. Other debits and credits were also applied, all of which were reflected in a weekly invoice.

At the time the first contract was signed, the Daily Sun's representative informed Mr. Pabst that a $60 per-week flat-rate adjustment would be deducted from his weekly disbursements due to the high-profitability of his routes. This money would be shared with other distributors serving less profitable routes. The Daily Sun claims that Mr. Pabst was already familiar with this subsidy because he had formerly been employed by the company as a motor route manager. In that position Mr. Pabst had been responsible for analyzing the profitability of various routes and adjusting the allocation subsidies between them.

While Mr. Pabst apparently expressed his disagreement with the subsidy system, he performed under the initial contract from April 29, 2004 to February 28, 2006. Each week Mr. Pabst would receive a check and an invoice from the Daily Sun reflecting the net of subscriber fees from his routes plus gratuities, minus the wholesale cost of his newspapers and the $60 per-week redistribution deduction. Other unspecified debits and credits were applied as well. On March 1, 2006 Mr. Pabst and the Daily Sun executed a second contract that was identical to the first in all aspects material to this litigation. Mr. Pabst continued to perform until September 30, 2007. On October 24, 2008, Mr. Pabst filed this complaint alleging that the Daily Sun's withholding of the subsidies constituted an intentional breach of the parties' agreement.

2

Mr. Pabst argues that the contracts unambiguously prohibited the flat-rate adjustment, and that the parol evidence rule operates to bar any extrinsic evidence to the contrary. He also contends that the trial testimony offered by the Daily Sun is unreliable, that the doctrine of contra proferentem favors his cause, and that this case is sufficiently analogous to an unpaid-wages dispute to merit the application of 26 M.R.S.A. § 626's allowance of attorney's fees. The Daily Sun contends that the parol evidence rule is not applicable because the written contracts are ambiguous and/or partially integrated, and that the extrinsic evidence shows the weekly deductions to have been part of the whole agreement. The Daily Sun also argues that the affirmative defenses of accord and satisfaction, release, or payment bar Mr. Pabst's claim, and that it is not liable for attorney's fees in any event.

## DISCUSSION

This dispute is fundamentally one of contract interpretation. The Daily Sun argues that the redistribution scheme did not violate the parties' contracts. Mr. Pabst, the plaintiff, contends that it did, though he has failed to point out what specific portion of the contract he believes was breached.

When interpreting a written contract, courts seek to "effectuate 'the parties' intentions as reflected in the written instrument, construed with regard for the subject matter, motive, and purpose of the agreement, as well as the object to be accomplished.'" *Rogers v. Jackson*, 2002 ME 140, ¶ 16, 804 A.2d 379, 382–83 (Saufley, C.J., dissenting) (quoting *V.I.P., Inc. v. First Tree Dev., LLC*, 2001 ME 73, ¶ 3, 770 A.2d 95, 96) (internal quotations omitted). The court may consider extrinsic evidence only in limited circumstances. *Id.* ¶ 16, 804 A.2d at 383. If the writing is ambiguous, the court may consider extrinsic evidence "to ascertain the

3

intent of the parties." *Id.* ¶ 17, 804 A.2d at 383. Similarly, "[i]f the parties allege that the unambiguous written instrument reflects only part of their agreement," the court may consider extrinsic evidence to determine "the extent to which the written document represents an integration of their agreement." *Id.* ¶ 18, 804 A.2d at 383 (citing *Handy Boat Serv., Inc. v. Prof'l Servs., Inc.*, 1998 ME 134, ¶ 11, 711 A.2d 1306, 1309).

Mr. Pabst rests on the contracts and claims they are fully integrated and unambiguously establish his right to the contested funds. The Daily Sun contends that the contracts' abbreviated discussion of compensation is facially ambiguous or demonstrates a lack of integration. Contract language "is ambiguous if it is reasonably susceptible to more than one interpretation." *Id.* ¶ 17, 804 A.2d at 383 (citing *Villas by the Sea Owners Ass'n v. Garrity*, 2000 ME 48, ¶ 9, 748 A.2d 457, 461). Whether a term is ambiguous is a question of law. *Villas by the Sea Owners Ass'n*, 2000 ME 48, ¶ 9, 748 A.2d at 461.

Here, the term the Daily Sun complains of is almost certainly not ambiguous. The contracts state:

> [Mr. Pabst] shall be responsible for any money that [Mr. Pabst] collects in advance from subscribers. [Mr. Pabst] agrees that the [Daily Sun] may act as [Mr. Pabst's] agent in accepting advance payments from subscription payments received for copies that [Mr. Pabst] has delivered.

This language clearly allocates responsibility for the collection of subscribers' advance payments to Mr. Pabst, and creates an agency relationship between the Daily Sun and Mr. Pabst with respect to payments sent directly to the company. The provision's failure to address other payment contingencies does not render it ambiguous. However, its failure to address essential details of the parties' financial relationship does show that the contracts were not fully integrated.

4

Whether an agreement is fully integrated or not is a question of law. *Gagne v. Stevens*, 1997 ME 88, ¶ 8, 696 A.2d 411, 414. "Where the language of the agreement is unambiguous with respect to the existence and scope of integration, no extrinsic evidence concerning integration may be presented by the parties or considered by the court." *Handy Boat Serv., Inc.*, 1998 ME 134, ¶ 11, 711 A.2d 1306, 1309. However, where as here the agreement is facially inadequate to govern essential aspects of the parties' relationship, the court may take note of extrinsic evidence. *Waxler v. Waxler*, 458 A.2d 1219, 1224 (Me. 1983). A clause stating that the writing is fully integrated is not dispositive in such a case. *See* Arthur L. Corbin, 6 Corbin on Contracts § 578, at 119 (interim ed. 2002) (integration clauses are essentially recitals of fact that may be facially untrue, as evinced by an incomplete document).

Here, the evidence shows that the parties had arranged a sophisticated method of accounting between themselves that is not hinted at in their contracts. The plain contract language allows Mr. Pabst to collect advance payments and allows the Daily Sun to collect payment for delivered papers on Mr. Pabst's behalf as his agent. The language does not address what happens if Mr. Pabst collects payment for delivered papers or if the Daily Sun receives an advance payment. It also does not indicate that the Daily Sun would give Mr. Pabst a weekly check, that it would deduct the cost of his wholesale papers from that check, or that it would include gratuities in the net payment. However, Mr. Pabst himself describes this system as part of the contract. Under the facts and circumstances before the court, it appears clear that "the parties contemplated at least some oral terms. At most, the agreement is partially integrated." *Brown Dev. Corp. v. Hemond*, 2008 ME 146, ¶ 17, 956 A.2d 104, 109.

5

Since the written agreements are only partially integrated, the court may consider extrinsic evidence to determine the full contours of the parties' contract. *Rogers v. Jackson*, 2002 ME 140, ¶ 10, 804 A.2d 379, 381. The existence of additional terms and conditions consistent with and supplemental to the writing is a question of fact. *Id.* ¶¶ 10, 12, 804 A.2d 381–82. The subsidy system is not inconsistent with the written terms of the parties' agreement. The writing allots responsibility for collection of payments, but does not expressly relieve Mr. Pabst of any ongoing financial liability to the company. Furthermore, the evidence shows that the parties understood the $60 per-week charge to be part of their initial contractual agreement.

Mr. Pabst does not deny that he was aware the subsidization system existed and had in-fact managed that system for the company. The operation of the system was raised during the parties' initial contract discussions, and for three and one-half years the parties fully performed as if the charge was part of the contractual agreement. Mr. Pabst understood that participation in the subsidy system was part of the agreement from the outset and cannot now seek to regain the deducted funds.

**The entry is:**

Judgment is granted for the defendant Lewiston Daily Sun.

DATE: 4/12/10

Carl O. Bradford
Justice, Superior Court

6

WILLIAM PABST JR - PLAINTIFF
13 ANDROSCOGGIN AVE
LEWISTON ME 04240
Attorney for: WILLIAM PABST JR
DONALD T MASSEY  - RETAINED 10/24/2008
RANGER COPELAND WHITTEMORE & MASSEY PA
20 FEDERAL STREET
PO BOX 694
BRUNSWICK ME 04011

vs
LEWISTON DAILY SUN - DEFENDANT
C/O BRYAN DENCH ESQ, PO BOX 3200
AUBURN ME 04210
Attorney for: LEWISTON DAILY SUN
BRYAN DENCH  - RETAINED
SKELTON TAINTOR & ABBOTT
95 MAIN STREET
PO BOX 3200
AUBURN ME 04212-3200

DISTRICT COURT
LEWISTON
Docket No   LEWDC-CV-2008-01146

**DOCKET  RECORD**

Filing Document: COMPLAINT                    Minor Case Type: CONTRACT
Filing Date: 10/24/2008

# Docket Events:

11/04/2008 FILING DOCUMENT - COMPLAINT FILED ON 10/24/2008

11/04/2008 Party(s):  WILLIAM PABST JR
          ATTORNEY - RETAINED ENTERED ON 10/24/2008
          Plaintiff's Attorney: DONALD T MASSEY

11/04/2008 Party(s):  LEWISTON DAILY SUN
          ATTORNEY - RETAINED ENTERED ON 10/24/2008
          Defendant's Attorney: BRYAN DENCH

11/04/2008 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 11/04/2008

11/14/2008 Party(s):  LEWISTON DAILY SUN
          OTHER FILING - ENTRY OF APPEARANCE FILED ON 10/15/2008

11/14/2008 Party(s):  LEWISTON DAILY SUN
          RESPONSIVE PLEADING - ANSWER FILED ON 10/15/2008

11/14/2008 Party(s):  WILLIAM PABST JR
          MOTION - MOTION TO AMEND PLEADING FILED ON 10/22/2008
          MOTION FOR PERMISSION TO AMEND COMPLAINT - WITH CONSENT OF DEFENDANT

11/18/2008 Party(s):  WILLIAM PABST JR
          MOTION - MOTION TO AMEND PLEADING GRANTED ON 11/17/2008
          RICK E LAWRENCE , JUDGE
          COPIES TO PARTIES/COUNSEL

12/04/2008 Party(s):  LEWISTON DAILY SUN
          RESPONSIVE PLEADING - ANSWER FILED ON 11/21/2008

01/20/2009 Party(s): WILLIAM PABST JR
          LETTER - FROM PARTY FILED ON 01/02/2009
          Plaintiff's Attorney: DONALD T MASSEY
          REQUEST FOR HEARING

01/28/2009 ORDER - SCHEDULING ORDER ENTERED ON 01/23/2009
          VALERIE STANFILL , JUDGE
          ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT. COPIES TO
          PARTIES/COUNSEL

01/28/2009 DISCOVERY FILING - DISCOVERY DEADLINE ENTERED ON 03/06/2009

03/31/2009 Party(s): LEWISTON DAILY SUN
          OTHER FILING - WITNESS & EXHIBIT LIST FILED ON 03/25/2009
          Defendant's Attorney: BRYAN DENCH

04/13/2009 Party(s): WILLIAM PABST JR
          OTHER FILING - WITNESS & EXHIBIT LIST FILED ON 03/27/2009

10/01/2009 HEARING - TRIAL MANAGEMENT CONFERENCE SCHEDULED FOR 11/16/2009 @ 8:30
          NOTICE TO PARTIES/COUNSEL

10/01/2009 HEARING - TRIAL MANAGEMENT CONFERENCE NOTICE SENT ON 10/01/2009

10/08/2009 Party(s): WILLIAM PABST JR
          MOTION - MOTION TO CONTINUE FILED WITH AFFIDAVIT ON 10/08/2009

10/09/2009 Party(s): WILLIAM PABST JR
          MOTION - MOTION TO CONTINUE GRANTED ON 10/08/2009
          PAUL A COTE JR, JUDGE
          COPIES TO PARTIES/COUNSEL

10/09/2009 HEARING - TRIAL MANAGEMENT CONFERENCE CONTINUED ON 10/08/2009
          PAUL A COTE JR, JUDGE

11/13/2009 HEARING - TRIAL MANAGEMENT CONFERENCE SCHEDULED FOR 12/07/2009 @ 8:30
          NOTICE TO PARTIES/COUNSEL

11/13/2009 HEARING - TRIAL MANAGEMENT CONFERENCE NOTICE SENT ON 11/13/2009

12/07/2009 HEARING - TRIAL MANAGEMENT CONFERENCE HELD ON 12/07/2009
          JOHN B BELIVEAU , JUDGE

12/07/2009 TRANSFER - TEMPORARY TRANSFER GRANTED ON 12/07/2009
          JOHN B BELIVEAU , JUDGE
          AUBSC

12/29/2009 TRIAL - BENCH SCHEDULED FOR 03/11/2010 @ 9:30

02/11/2010 Party(s): LEWISTON DAILY SUN
          OTHER FILING - WITNESS & EXHIBIT LIST FILED ON 02/09/2010
          AMENDED REC'D 2-16-10: OBJECTION TO THE FILING OF DEFENDANT'S AMENDED WITNESS AND

EXHIBIT LIST                                                    REC'D ON 2/17/10 PLT'S
OBJECTION

02/18/2010 TRIAL - BENCH NOTICE SENT ON 02/18/2010

02/18/2010 TRIAL - BENCH SCHEDULE OTHER COURT ON 03/11/2010
           AUBSC

03/11/2010 TRIAL - BENCH HELD ON 03/11/2010
           CARL O BRADFORD , JUSTICE
           Defendant's Attorney: ADAM R LEE
           Plaintiff's Attorney:  DONALD T MASSEY          Reporter: PENNY PHILBRICK-CARVER
           TESTIMONY HEARD & EXHIBITS ADMITTED. PLT & DEF REST. DEFENDANT MOVES FOR A JUDGMENT AS A
           MATTER OF LAW. COUNSEL TO SUBMIT PROPOSED FINDINGS OF FACT (NO REPLY NEEDED) AND WRITTEN
           ARGUMENTS AS WELL AS POST-TRIAL BRIEFS WITHIN  14 DAYS.

03/24/2010 Party(s):  WILLIAM PABST JR
           OTHER FILING - OTHER DOCUMENT FILED ON 03/24/2010
           PLAINTIFF'S POST-TRIAL MEMORANDUM ORIGINALS SENT TO JUSTICE BRADFORD

03/25/2010 Party(s):  LEWISTON DAILY SUN
           OTHER FILING - OTHER DOCUMENT FILED ON 03/25/2010
           DEF'S POST TRIAL BRIEF AND PROPOSED FINDINGS OF FACT AND CONCLUSION OF LAW ORIGINALS SENT
           TO JUSTICE BRADFORD

04/14/2010 FINDING - JUDGMENT DETERMINATION ENTERED ON 04/14/2010
           CARL O BRADFORD , JUSTICE
           JUDGMENT INCORPORATEDBY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
           PARTIES/COUNSEL

           ORDER - COURT JUDGMENT ENTERED ON 04/14/2010
           CARL O BRADFORD , JUSTICE
           JUDGMENT INCORPORATEDBY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
           PARTIES/COUNSEL
           Judgment entered for LEWISTON DAILY SUN and against WILLIAM PABST JR.

04/14/2010 FINDING - FINAL JUDGMENT CASE CLOSED ON 04/14/2010

A TRUE COPY
ATTEST: _____
                      Clerk