STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-12-413
*N/M-CUM- 2/7/2014*

WILLIAM F. MCGONAGLE, III
and KAREN E. BARSTOW,

        Plaintiffs

v.

WILLIAM PALLI, JR.,
and DIVINE MERCY, LLC,

        Defendants

ORDER ON MOTION
FOR PARTIAL
SUMMARY JUDGMENT

Before the court is defendant William Palli, Jr.'s motion for partial summary judgment on the following counts of the plaintiffs' complaint: count II, trespass; count VI, declaratory judgment; and count VII, fraudulent transfer. In his reply memorandum, defendant Palli focuses only on count VII and whether defendant Divine Mercy should be dismissed from count VI. For the following reasons, the motion is denied.

BACKGROUND

Plaintiffs own two lots located at 138 Ledge Road in Yarmouth, Maine. (Def.'s Supp. S.M.F. ¶ 1.) Defendant Palli owns adjacent land benefitted by an easement appurtenant across a portion of plaintiffs' property. (Def.'s Supp. S.M.F. ¶ 2.) Plaintiffs filed a previous lawsuit on January 30, 2012, which involved defendant Palli's easement.[1] (Def.'s Supp. S.M.F. ¶ 3.) That case settled in July 2012 and plaintiffs' complaint was dismissed with prejudice. (Def.'s Supp. S.M.F. ¶¶ 4-5.)

---

[1] The record does not show whether defendant Palli is the sole owner of the land. (Pl.'s Reply S.M.F. ¶ 2.)

In September 2012, defendant Palli filed a Certificate of Formation with the Secretary of State to form Divine Mercy, LLC (Divine Mercy). (Def.'s Supp. S.M.F. ¶ 6.) Defendant Palli is the sole principal of the entity. (Def.'s Supp. S.M.F. ¶ 6.) On October 18, 2012, plaintiffs' counsel sent a letter to defendant Palli's attorney requesting that defendant comply with certain provisions of the parties' settlement agreement. (Def.'s Supp. S.M.F. ¶ 9; Pls.' A.S.M.F. ¶ 12.) The following day, defendant Palli's counsel sent a letter to the Town of Yarmouth's attorney to inform the Town that defendant Palli would be transferring a portion of his Ledge Road property to Divine Mercy. (Def.'s Supp. S.M.F. ¶ 10.) On the same day, 10/19/12, defendant Palli transferred the property for no consideration to defendant Divine Mercy by deed, which is recorded at book 30041, page 224 in the Cumberland County Registry of Deeds. (Def.'s Supp. S.M.F. ¶¶ 12, 15.) This transfer created two lots, one owned by defendant Palli and one owned by defendant Divine Mercy, both of which were intended to be benefitted by the easement across plaintiffs' property.[2] (Def.'s Supp. S.M.F. ¶ 11.)

After plaintiffs filed suit, defendant Divine Mercy conveyed the Ledge Road land back to defendant Palli on January 24, 2013. (Def.'s Supp. S.M.F. ¶ 27.) These two deeds contain language that differs from the easement language in the original deed to defendant Palli. (Pls.' Opp. S.M.F. ¶ 20.) On February 14, 2013, defendant Divine Mercy was cancelled and a Certificate of Cancellation was filed with the Secretary of State. (Def.'s Supp. S.M.F. ¶ 29.)

---

[2] Plaintiffs acknowledge that the transfer intended to create two lots benefitted by the easement but dispute whether both lots were in fact benefitted by the easement. (Opp. S.M.F. ¶ 11.)

2

## PROCEDURAL HISTORY

Plaintiffs filed their complaint on 11/9/12. On 11/26/12, plaintiffs filed a motion for attachment, which the court denied on 2/5/13. On 4/4/13, defendants filed this motion for partial summary judgment on counts II, VI, and VII of the complaint. In his reply memorandum, defendant Palli does not press the motion as to count VI and concedes there are genuine issues of material fact regarding count II of the complaint. (Def.'s Reply Mem. 1.) Accordingly, the court considers count VII only and whether defendant Divine Mercy should be dismissed from count VI.

## DISCUSSION

### 1. Standard of Review

"Summary judgment is appropriate when there is no genuine issue of material fact that is in dispute and, at trial, the parties would be entitled to judgment as a matter of law." Fitzgerald v. Hutchins, 2009 ME 115, ¶ 9, 983 A.2d 382 (citing Dyer v. Dep't of Transp., 2008 ME 106, ¶ 14, 951 A.2d 821). "An issue is genuine if there is sufficient evidence supporting the claimed factual dispute to require a choice between the differing versions; an issue is material if it could potentially affect the outcome of the matter." Brown Dev. Corp. v. Hemond, 2008 ME 146, ¶ 10, 956 A.2d 104 (citing Univ. of Me. Found. v. Fleet Bank of Me., 2003 ME 20, ¶ 20, 817 A.2d 871). Disputes of material fact "must be resolved through fact-finding, even though the nonmoving party's likelihood of success is small." Curtis v. Porter, 2001 ME 158, ¶ 7, 784 A.2d 18 (citing Niehoff v. Shankman & Assocs. Legal Ctr., P.A., 2000 ME 214, ¶ 10, 763 A.2d 121, 124-25).

3

## 2. Fraudulent Transfer

Plaintiffs allege that defendant Palli's transfer of land to defendant Divine Mercy was intended to "hinder and delay" plaintiffs in collecting a judgment. (Compl. ¶ 88.) Under Maine's version of the Uniform Fraudulent Transfer Act,

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
>
> > A. With actual intent to hinder, delay or defraud any creditor of the debtor . . . .

14 M.R.S.A. § 3575(1)(A) (2013).[3] Plaintiffs must show by clear and convincing evidence that the transfer was fraudulent. See F.D.I.C. v. Proia, 663 A.2d 1252, 1254 n.2 (Me. 1995) (noting that the Act did not alter the previous burden of proof for fraud in conveyance). Generally, "[w]hether a conveyance is fraudulent is a question of fact." Proia, 663 A.2d at 1254 (citing Watson v. Watson, 607 A.2d 383, 388 (Conn. 1992)).

The Act provides a non-exhaustive list of factors for the court to consider in determining a party's intent:

> A. The transfer or obligation was to an insider;
> B. The debtor retained possession or control of the property transferred after the transfer;
> C. The transfer or obligation was disclosed or concealed;
> D. Before the transfer was made or obligation was incurred, the debtor sued or threatened with suit;
> E. The transfer was of substantially all the debtor's assets;
> F. The debtor absconded;
> G. The debtor removed or concealed assets;
> H. The value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;

---

[3] Creditor is defined as "a person who has a claim." 14 M.R.S. § 3572(4). Claim is defined as "a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured." 14 M.R.S. § 3572(3).

4

I. The debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;

J. The transfer occurred shortly before or shortly after a substantial debt was incurred; and

K. The debtor transferred the essential assets of the business to a lienor who had transferred the assets to an insider of the debtor.

14 M.R.S.A. § 3575(2). Insider is defined, *inter alia*, as "[a] corporation of which the debtor is a director, officer or person in control." 14 M.R.S.A. § 3572(7)(A)(4).

A genuine issue of material fact has been raised regarding a fraudulent transfer under section 3575(1)(A). First, the transfer was made to an insider because defendant Palli was the sole principal of defendant Divine Mercy. (Def.'s Supp. S.M.F. ¶ 6.) Second, defendant Palli remained in control of the property after the transfer as the sole principal of defendant Divine Mercy. (Def.'s Supp. S.M.F. ¶ 6.) Third, the transfer occurred the day after plaintiffs' attorney sent defendant Palli's attorney a demand letter. (Def.'s Supp. S.M.F. ¶¶ 9-10.) Fourth, the defendant received no consideration for the transfer of the property. (Def.'s Supp. S.M.F. ¶ 15.)

Defendant Palli argues that many of the other statutory factors weigh against finding a fraudulent transfer. (Def.'s Mem. 11-12.) Defendant Palli also relies on conclusory statements that he did not intend "to hinder, delay, or defraud" and the transfer was made, instead, so the remaining parcel could be sold.[4] (Supp. S.M.F. ¶ 20.) These facts and conclusions, however, are insufficient for the court to find as a matter of law in defendants' favor. See Mitsubishi Caterpillar Forklift Am., Inc. v. Superior Servs. Assocs., Inc., 81 F. Supp. 2d 101, 114-15 (D. Me. 1999) (finding that similar conclusory statements in a fraudulent transfer case were "not sufficient to establish either the absence of disputed

---

[4] Plaintiffs have raised an issue of fact regarding defendant Palli's claim that he planned to develop his property. (Pl.'s Opp. S.M.F. ¶ 8.)

material facts on this point or their entitlement to summary judgment as a matter of law").

Plaintiffs allege also that defendant Palli was insolvent at the time of the transfer. (Compl. ¶ 92.) Under Maine's version of the Uniform Fraudulent Transfer Act,

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
>
> B. Without receiving a reasonably equivalent value in exchange for the transfer or obligations and the debtor:
>
>> (1) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
>>
>> (2) Intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as the debts became due.

14 M.R.S. § 3575(1)(B)(1)-(2). Defendant Palli argues the plaintiffs cannot show the transfer violated section 3575(1)(B). (Def.'s Mem. 12.) The plaintiffs respond that they have not been permitted discovery regarding financial assets.[5] (Pls.' Opp. S.M.F. ¶¶ 16–19.)

The plaintiffs have been precluded from discovery of financial information that could raise an issue of material fact regarding section 3575(1)(B).[6] (Order dated 9/9/13.) Based on that order and this decision, the court does not address this section of Maine's Fraudulent Transfer Act.

---

[5] The plaintiffs state they have some information based on public records. (Pls.' Mem. 9-10.) This information does not appear in the plaintiffs' statements of fact.

[6] In the discovery order, the court anticipated inclusion of the claim for punitive damages in this motion for partial summary judgment. See Order dated 9/9/13.

### 3. Mootness

Citing no authority, defendant Palli argues that the fraudulent transfer count is now moot because the transfer has been reversed. Various remedies are available to a creditor who prevails on a fraudulent transfer claim. 14 M.R.S.A. § 3578(1). Further, any effect of the transfer and retransfer of the land and the inclusion of easement language in the two deeds that differs from the language in the original deed are not developed on this record. (Pls.' Opp. S.M.F. ¶¶ 15, 20.)

### 4. Dismissal of Defendant Divine Mercy, LLC

Defendant Palli argues defendant Divine Mercy, LLC should be dismissed from count VI if the fraudulent transfer claim is resolved. That claim is not resolved. Whether Divine Mercy has been dissolved does not affect its capacity to be sued. 31 M.R.S. § 1596(2)(B) (2013).

The entry is

> Defendant Palli's Motion for Partial Summary Judgment on Count VII of Plaintiffs' Complaint is DENIED.
>
> Plaintiffs are allowed to renew their discovery requests for Defendants' financial information. See Order dated 9/9/13. The court will schedule a conference call with counsel during the week of February 10, 2014 to discuss a schedule for discovery.
>
> Defendant Palli's Motion to Dismiss Defendant Divine Mercy, LLC is DENIED.

Date: February 7, 2014

Nancy Mills
Justice, Superior Court

7

PATRICK MELLOR ESQ
PO BOX 248
ROCKLAND ME 04841-0248

CHRISTOPHER DINAN ESQ
MONAGHAN LEAHY
PO BOX 7046
PORTLAND ME 04112-7046

PAUL DRISCOLL ESQ
NORMAN HANSON & DETROY
PO BOX 4600
PORTLAND ME 04112-4600