*Me/*

STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. PORSC-CV-13-207
*JAW - CUM - 2/14/2014*

KEVIN MORIN and SARA MORIN
Individually and as p/n/f/ of
DOMINIC MORIN,

      Plaintiffs

v.

CRAIG BASSINGTHWAITE
and
ROBERT CALLAHAN,

      Defendants.

ORDER ON MOTION FOR
PARTIAL SUMMARY
JUDGMENT

STATE OF MAINE
Cumberland ss. Clerk's Office

FEB 14 2014

RECEIVED

Before the Court is the defendants' motion for partial summary judgment.

Defendants argue they are entitled to judgment on count VII of plaintiffs' complaint for

negligent infliction of emotional distress because plaintiffs did not actually witness their

son being injured. For the following reasons, defendants' motion is granted.

### Factual and Procedural Background

On the evening of July 13, 2012, defendants Craig Bassingthwaite and Robert

Callahan sat on Bassingthwaite's back deck with a loaded 12-gauge shotgun. (Def.'s

Supp. S.M.F. ¶ 2, as qualified; Pl.'s Add. S.M.F. ¶ 2.) Bassingthwaite's bushes and

flowers had been vandalized two weeks before that night, and the two defendants decided

to dress in camouflage, turn off the porch lights, and wait for the vandal to return. (Def.'s

Supp. S.M.F. ¶ 2, as qualified; Pl.'s Add. S.M.F. ¶ 2.) Around 11 pm, defendants noticed

an intruder and opened fire with the shotgun three times, hitting and injuring the intruder.

(Def.'s Supp. S.M.F. ¶ 3, as qualified.)

At the time the first shot was fired, plaintiffs Kevin and Sara Morin, who live next to Bassingthwaite, were sleeping and woke suddenly to the loud noise. (Def.'s Supp. S.M.F. ¶ 5.) After hearing the second shot, Mr. Morin decided to go investigate the disturbance. (Def.'s Supp. S.M.F. ¶ 8.) Mrs. Morin stood outside on their deck and saw flashing lights and a person on a stretcher being taken to the back of an ambulance. (Def.'s Supp. S.M.F. ¶ 9, as qualified). Mr. Morin heard banging, swearing, and loud noises coming from Bassingthwaite's yard. (Def.'s Supp. S.M.F. ¶ 9, as qualified). At some point, Mr. Morin walked to the back of the ambulance where he "freaked out" on seeing his son, Dominic, on the stretcher. (Pl.'s Add. S.M.F. ¶ 9.) Mrs. Morin became upset when she heard Mr. Morin yelling, "you shot my son!" (Pl.'s Add. S.M.F. ¶ 12.) Mr. and Mrs. Morin drove to meet their son at the hospital where they saw Dominic with a chest tube on arriving. (Pl.'s Add. S.M.F. ¶ 15.) The following day, Mr. and Mrs. Morin saw the full extent of Dominic's injuries, which included arm and torso wounds. (Pl.'s Add. S.M.F. ¶ 16.)

On May 15, 2013, plaintiffs filed their seven-count complaint. On December 4, 2013, Defendant Bassingthwaite filed a motion for partial summary judgment on count VII of the complaint, and Defendant Callahan joined in the motion.

Discussion

1.    Summary Judgment Standard

"Summary judgment is appropriate when there is no genuine issue of material fact that is in dispute and, at trial, the parties would be entitled to judgment as a matter of law." Fitzgerald v. Hutchins, 2009 ME 115, ¶ 9, 983 A.2d 382 (citing Dyer v. Dep't of Transp., 2008 ME 106, ¶ 14, 951 A.2d 821). "An issue is genuine if there is sufficient

evidence supporting the claimed factual dispute to require a choice between the differing versions; an issue is material if it could potentially affect the outcome of the matter." Brown Dev. Corp. v. Hemond, 2008 ME 146, ¶ 10, 956 A.2d 104 (citing Univ. of Me. Found. v. Fleet Bank of Me., 2003 ME 20, ¶ 20, 817 A.2d 871). To survive a defendant's motion for summary judgment, "the plaintiff must establish a prima facie case for each element of her cause of action." Watt v. UniFirst Corp., 2009 ME 47, ¶ 21, 969 A.2d 897.

2.  Negligent Infliction of Emotional Distress – Bystander Liability

The only issue before the Court is whether, as a matter of law, plaintiffs Kevin and Sara Morin are barred from bringing a negligent infliction of emotional distress claim based on bystander liability. In Cameron v. Pepin, the Law Court held that to prevail on a negligent infliction of emotional distress claim, "a plaintiff must demonstrate that he i) was present at the scene of the accident, ii) suffered serious mental distress as a result of contemporaneously perceiving the accident, and iii) was closely related to the victim." Cameron v. Pepin, 610 A.2d 279, 284-85 (Me. 1992). The Law Court specifically limited a defendant's duty "to the emotional vulnerability that arises in parents *upon actually witnessing* their child receiving an injury." Id. at 284 (emphasis added). Here, there can be no dispute that Kevin and Sara Morin were at the scene of the accident and that, as his parents, are closely related to Dominic. Thus, the narrow issue is whether they "contemporaneously perceived" the accident.

Plaintiffs argue that they perceived the accident because they heard the shots, even if they did not realize their son was the victim. Plaintiffs' argument is unconvincing. Even accepting the premise that perception refers to senses beyond sight, Mr. and Mrs. Morin had no knowledge that their son was hurt at the time they heard the shots. Mr.

3

Morin did not realize that his son was the victim until seeing him in the back of the ambulance. (Pl.'s Add. S.M.F. ¶ 9.) Mrs. Morin did not realize her son was the victim until some time after that. (Pl.'s Add. S.M.F. ¶ 12.) As the Cameron court noted, the impact of actually witnessing an event "is qualitatively and quantitatively different" than seeing its aftermath. Id.

Plaintiffs argue that this case is distinguishable from Cameron because in that case, "the parents of the man injured were not present at the location of the injury producing event." (Pl.'s Opp. Mem, 7.) Plaintiffs' argument goes to the first element, that a plaintiff must be present at the scene of the accident. The second element could only be satisfied if plaintiffs actually realized what was happening to their son when they "perceived" the event. Otherwise, the perception of the event itself did not cause them any emotional distress. Rather, their emotional distress could only have resulted from seeing their son in the ambulance. Plaintiffs' emotional distress from seeing their injured son shortly after the accident is quite understandable, but nevertheless, Maine law precludes recovery on this type of claim.

The entry is:

Defendants' motion to dismiss Count VII of the complaint is GRANTED.

Date: 2|14|14

_____
Joyce A. Wheeler
Justice, Superior Court

Plaintiffs-Christian Foster Esq
Defendant Bassingthwaite-Barri Bloom Esq
Defendant Callahan-Frederick Moore Esq

4