ENTERED AUG 2 7 2014

STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-13-218

PAF-YOR-08-25-14

JANE BENNETT,

    Plaintiff

v.

**ORDER**

KENNETH LOVELL,

    Defendant

Ms. Bennett has brought a five-count complaint alleging that Mr. Lovell borrowed $50,000 from her pursuant to a loan agreement of August 10, 2006 and has not paid the loan. She has moved for summary judgment. The motion has been briefed and argued.

The loan agreement fully supports Ms. Bennett's claim that the transaction with Mr. Lovell was a loan to be secured by land rather than a down payment on a home and lot to be provided by Mr. Lovell as he claims. There appears to be no documentation to support Mr. Lovell's claims. His affidavit, however, creates genuine issues of material fact which preclude summary judgment despite the apparent weaknesses in his claims and the fact that Ms. Bennett has not received her $50,000, a house or any land.

I have read *Brown Development Corporation v. Hemond*, 2008 ME 146, 956 A.2d 104 which was cited by the plaintiff and *Rogers v. Jackson*, 2002 ME 140, 804 A.2d 379. While the loan agreement between the parties states in paragraph 13 that it "... constitutes the entire agreement between the parties and there are no further items or

provisions, either oral or otherwise" the more expansive Lovell version of the transaction arguably "supplements but does not contradict the writing "*Brown* at ¶16 quoting *Rogers* at ¶12. While I find much merit in Justice Alexander's dissent in *Brown*, at ¶20, the majority opinion suggests that the motion for summary judgment must be denied. Also see *Paine v. Paine*, 458 A.2d 420, 421 (Me. 1983) where the Law Court quoted the Restatement (Second) of Contracts for the proposition that, "Where the parties to a written agreement agree orally that performance of the agreement is subject to the occurrence of a stated condition, the agreement is not integrated with respect to the oral condition."

The entry is:

Plaintiff's motion for summary judgment is denied.

Dated: August 25, 2014

Paul A. Fritzsche
Justice, Superior Court

CV-13-218

ATTORNEY FOR PLAINTIFF:
PATRICK BEDARD ESQ
LAW OFFICE BEDARD & BOBROW
PO BOX 366
ELIOT ME  03903

ATTORNEY FOR DEFENDANT:
JAMES B SMITH ESQ
WOODMAN EDMANDS DANYLIK AUSTIN ET AL
PO BOX 468
BIDDEFORD ME 04005