STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-22-300

THE CITIZENS INSURANCE COMPANY
OF AMERICA,
                    Plaintiff,

v.                                                          **ORDER ON MOTIONS**
                                                            **FOR SUMMARY JUDGMENT**

FRANKENMUTH MUTUAL
INSURANCE COMPANY,

                    Defendant

Before the court are cross-motions for partial summary judgment. Plaintiff Citizens

Insurance ("Citizens") filed a Motion for Partial Summary Judgment on its claim against

Frankenmuth Mutual Insurance ("Frankenmuth") regarding the duty to defend. Defendant

Frankenmuth filed a Cross-Motion for Summary Judgment requesting a ruling that it does not

have a duty to defend. As described below, the court finds that Frankenmuth does have a duty to

defend, grants Citizen's motion, and denies Frankenmuth's motion.

## Background

The record reflects the following facts, undisputed unless otherwise noted.

Safelite hired the Sheridan Corporation ("Sheridan") as a general contractor for a

construction project. Supp.'g S.M.F. ("SMF") ¶ 1. This action arises out of a personal injury

lawsuit, *Warren Whitney v. Sheri-Key d/b/a Sheridan Corporation*, in which the plaintiff alleges

he was injured as a result of Sheridan's negligence in maintaining a safe jobsite. Opp. S.M.F.

("OSMF") ¶¶ 1-2. Warren Whitney, an employee of EEI, was injured on the jobsite on

September 2, 2016 and has begun a lawsuit against Sheridan, alleging that he tripped on a string

tied between two pieces of rebar. SMF ¶ 5.

1

REC'D CUMB CLERKS OFC
MAR 31 '23 PM2:01

Sheridan subcontracted with Eastern Excavation, Inc ("EEI") for the earthwork and paving. ¶ 2. At the time of Whitney's injury, EEI was the named insured on a commercial policy issued by Patriot Insurance, a member of the Frankenmuth Insurance Group. OSMF ¶ 7. Sheridan was issued a certificate informing it that it was an additional insured on EEI's liability insurance policy issued by Frankenmuth. SMF ¶¶ 3-4.

Citizens is currently defending Sheridan in the underlying suit. OSMF ¶ 5. Citizens has tendered defense of the underlying claim to Frankenmuth, but Frankenmuth has refused to defend. SMF ¶¶ 13-14. The additional insured endorsement in the Frankenmuth policy states the following:

> **A. Section II – Who is An Insured** is amended to include as an additional insured any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:
> 1. Your acts or omissions; or
> 2. The acts or omissions of those acting on your behalf;
> in the performance of your ongoing operations for the additional insured. A person's or organization's status as an additional insured under this endorsement ends when your operations for that additional insured are completed.

Pl.'s Ex. D.[1] Sheridan and EEI agreed by contract that Sheridan would be an additional insured on EEI's liability insurance policy. SMF ¶ 3.

The other insurance provision of the Frankenmuth policy states:

> **a. Primary insurance**
> This insurance is primary except when Paragraph **b.** below applies. If this insurance is primary, our obligations are not affected unless any of the other

---

[1] The parties do not quote identical language in citing the Frankenmuth additional insurance endorsement. *See* Def.'s Statement of Additional Material Facts ("SAMF") ¶ 8; Pl.'s Reply to Def's SAMF ¶ 8. However, the court finds this dispute is not genuine. *See Cookson v. Brewer Sch. Dep't*, 2009 ME 57, ¶ 11, 974 A.2d 276. The quotations provided are similar, and both parties support their factual statements with the same document, Pl.'s Ex. D, which contains the above language. It is undisputed that the attached insurance policies (Pl.'s Ex. C and D) are true and accurate copies of the policies issued by Citizens and Frankenmuth in this case. SMF ¶ 15.

insurance is also primary. Then, we will share with all that other insurance by the method described in Paragraph **c.** below.

**b. Excess insurance**

 (1) This insurance is excess over:

  a. Any of the other insurance, whether primary, excess, contingent or on any other basis:

   i. That is Fire, Extended Coverage, Builder's Risk, Installation Risk or similar coverage for "your work";

   ii. That is Fire insurance for premises rented to you or temporarily occupied by you with permission of the owner;

   iii. That is insurance purchased by you to cover your liability as a tenant for "property damage" to premises rented to you or temporarily occupied by you with the permission of the owner; or

   iv. If the loss arises out of the maintenance or use of aircraft, "autos" or watercraft to the extent not subject to exclusion g. of Section I – Coverage A – Bodily Injury And Property Damage Liability.

  b. Any other primary insurance available to you covering liability for damages arising out of the premises or operations, or the products and completed operations, for which you have been added as an additional insured by attachment of an endorsement.

Pl.'s Ex. D. The Citizens policy's other insurance provision is nearly identical to that in the Frankenmuth policy. Pl.'s Ex. C.

Citizens filed this complaint containing two counts against Frankenmuth. Count I seeks damages for breach of contract based on the additional insured status of Sheridan and Frankenmuth's failure to defend Sheridan in the underlying suit. Count II seeks a declaratory judgment that Sheridan is an additional insured under Frankenmuth's policy with EEI, that the Frankenmuth policy is primary, that Frankenmuth has a duty to defend and indemnify, and that Frankenmuth is liable for attorney fees.

## Legal Standard

A motion for summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits referred to in the Rule 56(h) statements show that there is no genuine issue as to any material fact and that any party is

entitled to a judgment as a matter of law. M.R. Civ. P. 56(c). The court may not decide any issue of fact on a summary judgment motion. *Cottle Enters., Inc. v. Town of Farmington*, 1997 ME 78, ¶ 11, 693 A.2d 330. "An issue is genuine if there is sufficient evidence supporting the claimed factual dispute to require a choice between the differing versions; an issue is material if it could potentially affect the outcome of the matter." *Cookson v. Brewer Sch. Dep't*, 2009 ME 57, ¶ 11, 974 A.2d 276 (quoting *Brown Dev. Corp. v. Hemond*, 2008 ME 146, ¶ 10, 956 A.2d 104). The facts must be considered in the light most favorable to the non-moving party, and the court will resolve disputes against the moving party. *Mahar v. StoneWood Transp.*, 2003 ME 63, ¶ 8, 823 A.2d 540. Summary judgment may be rendered on the issue of liability along with damages remaining to be determined. M.R. Civ. P. 56(c).

## Discussion

Plaintiff's motion requests that the court find that the Frankenmuth policy is primary to the Citizens policy and that Frankenmuth, and not Citizens, has a duty to defend Whitney's claim against Sheridan in the underlying tort suit.

1.        Whether Sheridan Is an Additional Insured under EEI's Frankenmuth Policy

First, the court considers whether a duty to defend Sheridan as an additional insured may arise from the Frankenmuth policy covering EEI as a named insured. Duty to defend cases are typically decided by comparing the policy terms with the underlying complaint; however, before the court can consider the duty to defend, the court must determine that the party against whom the underlying complaint is filed is an insured under the policy. *See Boise Cascade Corp. v. Reliance Nat'l Indem. Co.*, 99 F. Supp. 2d 87, 99-100 (D.Me. 2000). Therefore, the court first considers whether Sheridan is also an insured under the Frankenmuth policy.

4

In *Boise Cascade*, the District of Maine considered whether Boise Cascade was an additional insured under a commercial general liability insurance policy issued by Reliance National Indemnity Company to Koch Engineering when employees of Koch were injured by exposure to toxic gases while working at a Boise Cascade paper mill in Rumford, Maine. The insurance policy had a similar additional insured endorsement to that at issue in this case. The Court did not reach the duty to defend issue because it found there was a genuine issue of material fact regarding whether Boise Cascade had an insured-insurer relationship with Reliance. Specifically, the Court found a dispute about what contractual language governed Boise Cascade's status as an additional insured, and as a result the Court could not determine whether Boise Cascade was an additional insured under the policy.

Unlike in *Boise Cascade*, the language governing Sheridan's status as an additional insured in this case is not genuinely disputed. The court finds Sheridan meets the requirements of the first sentence of "A. Section II – Who Is An Insured" of the additional insured endorsement in the Frankenmuth policy (Pl.'s Ex. D). The undisputed record reflects that EEI was performing operations for Sheridan and that Sheridan and EEI agreed by contract that EEI would name Sheridan as an additional insured on its insurance policies. The court finds that Sheridan is an additional insured under the EEI's Frankenmuth policy.

2.  Whether Frankenmuth Has a Duty to Defend Sheridan in the Underlying Litigation

Next, the court considers whether Frankenmuth has a duty to defend Sheridan in the underlying action. Courts determine whether a duty to defend exists by comparing the allegations in the underlying complaint to the provisions of the policy. *Mitchell v. Allstate Ins. Co.*, 2011 ME 133, ¶ 9, 36 A.3d 876 (citing *Penney v. Capitol City Transfer, Inc.*, 1998 ME 44, ¶ 4, 707 A.2d 387; *Com. Union Ins. Co. v. Royal Ins. Co.*, 658 A.2d 1081, 1082 (Me. 1995)). "[A]

5

defendant is 'entitled to a defense if there exists any legal or factual basis which could be developed at trial which would obligate [the insurance company] to pay under the policy.'" *Telerent Leasing Corp. v. Pine State Plumbing & Heating*, 231 F. Supp. 2d 352, 357 (D. Me. 2002) (quoting *Endre v. Niagara Fire Ins. Co.*, 675 A.2d 511, 513 (Me. 1996)).

The complaint does not mention EEI, and under the additional insured endorsement, coverage is only available when the harm is caused in whole or part by EEI or someone acting on its behalf. Citizens argues that the complaint and policy leave the possibility of coverage open, while Frankenmuth claims that without looking to extrinsic evidence, there is no possibility of coverage.[2] The underlying complaint in this case alleges that Sheridan was negligent in causing the plaintiff's injuries.

In considering whether an insurer has the duty to defend an additional insured, other jurisdictions have looked to extrinsic evidence or actual knowledge of the insurer. *See, e.g.*, *Scottsdale Ins. Co. v. Columbia Ins. Group, Inc.*, 972 F.3d 915, 919 (7th Cir. 2020) (reviewing Illinois cases considering third-party complaints); *Travelers Prop. Cas. Co. of Am. v. Axis Ins. Co.*, No. 21-cv-4748 (LJL), 2022 U.S. Dist. LEXIS 98970, at *17-23 (S.D.N.Y. June 2, 2022) (considering a substantially similar additional ensured endorsement); *Zurich Am. Ins. Co. v. Burlington Ins. Co.*, 2016 NY Slip Op 30568(U), at *10-13 (N.Y. Sup. Ct. Apr. 4, 2016) (same). Some jurisdictions have noted the likelihood that an employer that has tort immunity under workers' compensation laws will not be mentioned in a complaint and reasoned that courts should assume immune employers' involvement in the underlying allegations. *E.g. Secura Ins. v. Phillips 66 Co.*, 2022 Ill. App. 210069, ¶¶ 45-46 (Ill. App. Ct. Feb. 22, 2022).

---

[2] Frankenmuth's workers' compensation exclusivity argument has no merit. EEI is not a party to the litigation. The sophisticated parties to the contract allocated risk to Frankenmuth and Frankenmuth accepted that risk with its additional insured coverage. EEI is not a defendant and its workers' compensation immunity is irrelevant to this action.

6

The case at hand reflects the policy reasons either to look outside the complaint or to assume the complaint contains allegations relating to the employer that has the policy offering the actual defendant additional insured status. The underlying lawsuit is against Sheridan. The issue is whether Frankenmuth insures Sheridan. Because EEI is immune, whether the injury arose from EEI's "acts or omissions" is not going to be litigated in *Whitney v. Sheri-key*. Therefore, there would be no reason to include those allegations in the *Whitney* complaint. Given that it is undisputed that EEI is Whitney's employer, the complaint here certainly has the potential to trigger Frankenmuth's duty to defend Sheridan.[3]

### 3. Whether Frankenmuth's Insurance Is Primary

Plaintiff argues that Frankenmuth's insurance is primary and its own insurance policy is excess. Frankenmuth responds that the court should not reach this argument because it should find no duty to defend and the issue is premature before the court considers the duty to indemnify. The court concludes that the issue of which insurer is primary can be determined on the summary judgment record. It considers whether Frankenmuth's policy is primary.

Other insurance provisions are standard elements of liability insurance policies "intended to govern the relationship between and obligations of insurers whose policies provide overlapping coverage for the same claim of loss." *Wright-Ryan Construction, Inc. v. AIG Ins. Co. of Canada*, 647 F.3d 411, 414 (1st Cir. 2011).

In *Wright-Ryan Construction*, the First Circuit considered whether Wright-Ryan's commercial general liability policy with Acadia was primary over the AIG policy under which Wright-Ryan was an additional insured. The Acadia policy and the AIG policy had nearly

---

[3] The other viable approach would be to decline to decide the duty to defend until the "acts or omissions" aspect of the additional insured coverage is litigated in this case. The court agrees, however, that the approach taken in other jurisdictions makes sense and provides the parties with an initial determination of the duty to defend when facts triggering the potential for coverage are clear. *Infra*, p. 6.

7

identical primary and excess insurance provisions, which are analogous to those at issue here. The Court determined the AIG policy was primary after it applied the Acadia other insurance provision that stated that the policy would be excess over any other primary insurance under which the named insured was an additional insured. *Id.* at 415-6. Likewise, in this case, the Frankenmuth policy, under which Sheridan is an additional insured, will be primary over the Citizens policy because the Citizens policy states that it is excess where its named insured is an additional insured on another policy.

## Conclusion

Because the court has decided that Frankenmuth does have a duty to defend Sheridan in the underlying litigation and is the primary insurer, the court grants Plaintiff Citizens Insurance's Motion for Partial Summary Judgment and denies Defendant Frankenmuth Mutual Insurance's Cross-Motion for Summary Judgment.

The issue remaining to be decided is the duty to indemnify. That issue would be decided in this litigation, not in the *Whitney* litigation. If there is a defense verdict in the *Whitney* litigation, the issue would be moot. Therefore, leaving each party with the right to file a motion arguing that a stay is inappropriate, the court stays this matter until the conclusion of the *Whitney* litigation.

The entry is:
    Plaintiff Citizens's Motion for Partial Summary Judgment is GRANTED.
    Defendant Frankenmuth's Cross-Motion for Summary Judgment is DENIED.
    Case is stayed until the conclusion of the *Whitney v. Sheri-key* litigation.

The clerk is directed to enter this order on the docket by reference. M.R. Civ. P. 79(a).

3/3/123
Date

Thomas R. McKeon
Justice, Maine Superior Court

8